UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY DAMATO, : | | |
| Plaintiff, : | | CASE NO. 3:14-cv-1953 (JAM) |
| : | | |
| v. : | | |
| : | | |
| H. CHRIS JOHNSON, et al., : | | |
| Defendants. : | | FEBRUARY 25, 2015 |

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Gary Damato, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. His complaint names three defendants: Lieutenant H. Chris Johnson of the Connecticut State Police, Chief State's Attorney Kevin Kane, and Commissioner Jane Doe.[1]

Although the complaint is difficult to understand, it appears that plaintiff claims that defendants have an obligation to investigate thoroughly his allegations of improper conduct by the Connecticut State Police in connection with his arrest in 2002 on charges of assault and attempted murder of a prosecutor. He claims that, in August 2014, he submitted "documented felonious misconduct" that occurred in November 2002 to defendant Johnson. Doc. #1 at 5. Plaintiff also claims that there were illegal wiretaps from November 2002 that occurred without authorization and without exhausting other investigative measures. *Id.* at 5-6.[2]

---

[1] Rule 10 of the Federal Rules of Civil Procedure requires that the names of all defendants appear in the caption of the complaint. Accordingly, two persons—Commissioner Jane Doe and Chief State's Attorney Kevin Kane—who are listed in the body of the complaint but not in the caption are not considered defendants in this case.

[2] Plaintiff previously has filed a civil rights action concerning his allegations of police misconduct relating to his criminal case. *See Damato v. Rell*, No. 3:09-cv-1485(AVC) (D. Conn. June 14, 2010) (claim against Governor Jodi Rell, Secretary of State Susan Bysiewicz, Assistant U.S. Attorney Peter Jongbloed, and Senator Christopher Dodd for failure to investigate misconduct, corruption and criminal activity by Connecticut State Police relating to plaintiff's criminal prosecution). He also has filed one federal and many state habeas actions challenging his

The attached exhibits consist of transcripts of wiretaps used in plaintiff's criminal trial, portions of the transcript of a state habeas hearing challenging his representation at the criminal trial, pages from unidentified briefs, and letters plaintiff has written over the years challenging the bond set upon his arrest and all aspects of his conviction. It appears the exhibits are intended to demonstrate the merit of plaintiff's claims of improper conduct.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In determining whether a case is subject to dismissal, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). Still, even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

The complaint plainly fails as a matter of law. Although plaintiff has a right to submit his claims for investigation, he does not have a constitutionally protected right to have defendants or other law enforcement authorities conduct an adequate investigation of his claims. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005) (victim of crime has no constitutionally protected property interest in having the police enforce a restraining order); *Harrington v. County of Suffolk*, 607 F.3d 31 (2d Cir. 2010) (no constitutional due process right to an adequate police

---

conviction asserting the same misconduct. *See Damato v. Murphy*, No. 3:14cv1100(JAM) (D. Conn. Dec. 29, 2014) (noting sixteen state and one federal habeas petition challenging plaintiff's conviction).

investigation into a fatal accident). Accordingly, plaintiff's constitutional claim that defendants have failed to properly investigate his complaints is manifestly without merit and is dismissed pursuant to 28 U.S.C. § 1915A.

## CONCLUSION

Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 25th day of February 2015 at Bridgeport, Connecticut.

 /s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge